UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GRANBY'S GREENHOUSE
CORPORATION,

    Plaintiff,

v.                                        Case No. 6:20-cv-398-Orl-37GJK

CONTAINER CENTRALEN, INC.,

    Defendant.
_____

## ORDER

Defendant moves to dismiss Plaintiff's Complaint (Doc. 1). (Doc. 18 ("**Motion**").) Plaintiff opposes. (Doc. 28.) On review, the Motion is denied.

### I.     BACKGROUND[1]

Plaintiff grows flowers and plants to sell across the country. (Doc. 1, ¶ 1.) Defendant rents specialized equipment for shipping horticultural products. (*Id.* ¶ 2.) In 2019, the parties entered into an agreement ("**Service Agreement**"), requiring Defendant to supply Plaintiff with rental equipment to ship plants. (*Id.* ¶ 6; Doc. 32-1, pp. 2–22.)[2] Under the Service Agreement, Defendant would ship equipment to Plaintiff in Illinois and Plaintiff would use the equipment to ship products to Aldi's (a grocery chain) in Minnesota. (Doc. 1, ¶¶ 8, 9; Doc. 32-1, p. 8.) And the Service Agreement allowed the

---

[1] The facts in the Complaint (Doc. 79) are taken as true and construed in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

[2] Plaintiff filed exhibits to its Complaint separately, after confirming Defendant did not object to their public filing. (*See* Docs. 32, 32-1.)

-1-

parties to confirm arrangements for delivery of Defendant's equipment to Plaintiff's location by email. (Doc. 1, ¶ 10; Doc. 32-1, p. 21.)

On April 10, 2019, Defendant's sales account executive, Jana Neer ("**Neer**"), emailed Plaintiff's agent Greg Granby ("**Granby**") that Defendant would be sending equipment to Plaintiff for an Aldi's shipment. (Doc. 1, ¶ 11; Doc. 32-1, p. 24.) Granby emphasized to Neer the importance of Aldi's business to Plaintiff. (Doc. 1, ¶ 12; Doc. 32-1, p. 26.) Granby requested Defendant deliver 3,567 racks and corresponding shelves to Plaintiff during the week of April 22, 2019 for the Aldi's shipment. (Doc. 1, ¶ 14.) Neer provided a quote for the delivery and Granby accepted on April 17, 2019 ("**April 17 Email**"). (*Id.* ¶¶ 15–16.)

Two days later, Neer emailed Granby that Defendant couldn't fulfill Plaintiff's rack request because of record order volumes. (*Id.* ¶ 18; Doc. 32-1, p. 32.) Granby responded this would cost him millions and asked if Plaintiff could pick up the racks—but to no avail. (Doc. 1, ¶¶ 19–20; Doc. 32-1, p. 34.) Defendant did not supply Plaintiff with the shipping racks in time for Plaintiff to fulfill its first scheduled delivery to Aldi's. (Doc. 1, ¶ 20.)

On April 30, 2019, Granby emailed Neer telling her he'd lost the first delivery and the second and third deliveries were due in the next two weeks, requiring 591 racks for the first week and 1,573 for the following week ("**April 30 Email**"). (*Id.* ¶ 22; Doc. 32-1, p. 36.) Granby explained if these deliveries weren't made, Plaintiff would likely be dropped as a vendor. (Doc. 1, ¶ 22; Doc. 32-1, p. 36.) On May 1, 2019, Neer emailed Greg that Defendant could provide only two loads of 342 racks. (Doc. 1, ¶ 23; Doc. 32-1, p. 36.)

So Plaintiff sued for breach of contract. (Doc. 1.) Defendant moves to dismiss the Complaint under Rule 12(b)(6). (Doc. 18.) With Plaintiff's response (Doc. 28), the matter is ripe.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "does not need detailed factual allegations," but "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.  ANALYSIS

Defendant argues: (1) Plaintiff's April 30 Email didn't create a contractual obligation; and (2) its failure to provide the 3,567 racks per the April 17 Email was outside its reasonable control. (Doc. 18.) Let's address each.

### A.  April 30 Email

Defendant says the April 30 Email does not support Plaintiff's breach of contract claim because Defendant never agreed to fulfill the equipment quantity requested in that email. (Doc. 18, pp. 9–11.) Plaintiff agrees and explains the April 30 Email was included for damages—not to establish breach of contract. (Doc. 28, p. 7; *see also* Doc. 1, ¶¶ 21–24.) Instead, the breach of contract claim is based on the April 17 Email. (*See* Doc. 28, p. 7; Doc. 1, ¶¶ 15, 26 (basing breach of contract claim on failure to provide 3,567 per the April 17 Email).)

**B.     April 17 Email**

Defendant says its failure to supply Plaintiff with 3,567 racks per the April 17 Email was out of its reasonable control, pointing to this clause of the Service Agreement:

> Neither party shall be liable to the other party for a failure to perform or delay in performing any of its obligations under this Agreement (other than an obligation to pay money) as a result of any circumstance outside its *reasonable control* including without prejudice to the generality of the foregoing, failure of electrical, gas, water or steam supply, any act of God, flood, fire, accident, explosion, war, civil, commotion, strike, or other industrial action or otherwise and any act of a third party, government, or quasi-governmental organization.

(Doc. 32-1, p. 6 ¶ 10.3 (emphasis added); Doc. 18, pp. 11–16.) This is a *force majeure* clause—"a contractual provision allocating the risk of loss if performance becomes impossible or impracticable, especially as a result of an event or effect that the parties could not have anticipated or controlled." *See Rodriguez v. BA Eola, LLC*, 404 F. App'x 418, 419 n.2 (2010) (quoting Black's Law Dictionary, 718 (9th ed. 2009)). Relying on a *force majeure* event is an affirmative defense. *See ARHC NV WELFL01, LLC v. Chatsworth at Wellington Green, LLC*, No. 18-80712-MIDDLEBROOKS/BRANNON, 2019 WL 4694146, at *2 (Feb. 5, 2019). Affirmative defenses will not support a motion to dismiss unless they clearly appear on the face of the complaint. *Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 976–77 (11th Cir. 2015).

Defendant says it couldn't honor the April 17 Email because: (1) Plaintiff underestimated its projected rack needs; (2) Aldi's changed order quantities; and (3) record order volumes depleted Defendant's inventory. (Doc. 18, pp. 11–16.) But it's not clear on the face of the Complaint that these circumstances constitute *force majeure* events.

First, Defendant says on April 10, 2019, Plaintiff provided an estimate of its rack needs far below what it later requested. (Doc. 18, pp. 14–15.) But this doesn't appear in the Complaint, and even if the Court could consider the estimate from April 10—Defendant later agreed to the larger quantity on April 17. (*See* Doc. 1, ¶¶ 15–17.) So any disparity between Plaintiff's estimate and the later request was in Defendant's control at the time of the April 17 Email. (*See id.*; *cf.* Doc. 18, pp. 14–15.) Second, Defendant says Aldi's changing order quantities affected its ability to provide the 3,567 racks promised. (Doc. 18, p. 15.) But there is no support for this assertion in the Complaint—Plaintiff didn't change the quantity Defendant agreed to in the April 17 Email. (*See* Doc. 1, ¶¶ 14–18.) Last, Defendant says record order volumes prevented it from fulfilling Plaintiff's order. (Doc. 18, p. 15.) But again, this doesn't appear in the Complaint. (*See* Doc. 1, ¶ 18 (alleging Defendant *claimed* it faced record order volumes, not the veracity of the claim).) It's not clear from the face of the Complaint that an affirmative defense applies, so the Motion is denied.[3] *See Kail v. Supernant*, No. 8:15-cv-02719-T-27TGW, 2016 WL 11491345, at *2 (M.D. Fla. Mar. 18, 2016) (denying dismissal where the affirmative defense required factual analysis).

### IV. CONCLUSION

It is **ORDERED AND ADJUDGED** that Defendant, Container Centralen, Inc.'s, Motion to Dismiss Complaint (Doc. 18) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 10, 2020.

---

[3] Contrary to Defendant's argument (Doc. 18, p. 15 n.7), Plaintiff need not negate affirmative defenses in its Complaint. *See Twin City Fire Ins. Co.*, 609 F. App'x at 976.

-6-



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record